By the Court :—Sedgwick, Ch. J.
In this case, the important question is whether the possession of George W. Matsell, senior, was adverse to the plaintiffs, otherwise the true owners. • The plaintiffs proved sufficiently legal title in their ancestors in title. One of them was Henry P. Robertson, and the assessment of the tax, under the sale for which Matsell, senior, took the lease to be referred to, described Robertson as occupant and owner.
The time of Matsell’s possession, that is in question, was from 1849 to 1864, excepting for about one year, when one Mickle was in possession.
In 1849, Matsell entered into possession, and from that year to 1857, did such things in respect of the premises as building upon them, renting the buildings, and exclusively controlling them as matter of fact, that, if that were all the evidence as to his claim, it may be conceded that he would have been in adverse possession. *93 But he entered under a tax lease, held it, and afterwards assigned it in 1857- Whatever he did was consistent with his being a lessee under a tax lease and there was no proof that he made any claim excepting under that lease. Therefore he claimed only for the term of the tax lease, which with his acts did not oust the plaintiff of the remainder or of the fee. Until after the term expired, the plaintiff was not put to an action, if he chose to acquiesce in Matsell’s claim.
On or after 28th of February, 1857, Matsell went out of occupation, one Miclcle going into possession. Mickle went in under the following circumstances. Matsell, senior, assigned to him “ all my estate, etc,, which I now have by means of the said indenture or otherwise,” referring to the tax lease. Evidently the word “ otherwise ” does not "indicate any actual claim in fact made outside of the tax lease. At the same time, he made a deed bearing the same date and acknowledged at the same time, before a notary. The deed and the assignment of lease are to be treated as one instrument so far as claims under them are to be considered. So far as the lease guides the claim, Mickle’s position was the same as was Matsell’s, senior, theretofore. So far as the deed affects the nature of the claim, as there was no claim in fact outside of an inference from the acts of the parties and from the instruments, Mickle’s claim must be taken to be according to the legal nature of the instrument. The deed was a quit claim deed that conveyed any interest in the land in the grantor, but nothing more. The joining of the wife did not enlarge any actual claim under the deed. It provided for contingencies only as to there being some estate of inheritance, which the grantee did not claim existed. The actual claim of Mickle, was according to the inferences, of an interest under the lease, just as Matsell senior’s had been, which allowed an action to the owner as soon as the term expired. Bedell v. Shaw, 59 N. Y. 49. In my mind it makes no difference that the lease *94 was void or voidable or valid. In no respect did that alter or expand the actual claim, made by the adverse possession.
After Mickle had been in possession about one year, and in 1858, without any re-conveyance by Mickle of any estate or interest and no re-assignment of the lease, Matsell, senior, went into possession, occupying and controlling them, until 1864, as he had done before he transmitted possession to Mickle.
There is no doubt that he might have then begun a possession adverse to the owner of the fee. To begin it, he had to make some other claim than he had previously made. An equivocal position in this regard, does not begin adverse possession. By reason of the continuity of possession and of claim down to Mickle and the nature of Mickle’s claim, and his going into possession again, without further actual hostile claim, I am of opinion, that it was not proved that he made any other claim than he had formerly made, or than Mickle had made. I wish to repeat that the acts of occupation were as consistent with a claim to a term only as with a claim to the fee, and were of the same nature as those before his assignment of the lease to Mickle.
Thinking that no adverse possession was begun before 1864, the result is that the direction of the court should be sustained and the judgment affirmed with costs.
Freedman and Trttax, JJ. concurred.